RAFAEL FUENTES, Plaintiff and Appellee, *v.* GULF PETROLEUM, S.A., ET AL., Defendants and Appellants.

No. R-63-184.        Decided December 11, 1964.

*McConnell, Valdés & Kelley, Pablo R. Cancio,* and *Ramón Morán Loubriel* for appellants. *Peñagarícano & Lloveras* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This is an injunction proceeding accompanied by a claim for recovery of damages, based seemingly on § 277 of the Code of Civil Procedure of Puerto Rico, alleging that Gulf Petroleum, *S.A.*, and codefendant José A. García have permitted all the dirty waters, full of grease and oil, from their station for the sale of gasoline and other by-products of Gulf petroleum, to flow on the property of plaintiff-appellee Rafael Fuentes, causing damages by the erosion of the land surrounding his station where pools of dirty water are formed containing grease and oil which soil the customers' cars when

they stop at plaintiff-appellee's station for gas and other services, with the consequent decrease in business.

The trial court made the following findings of fact: "Vehicles belonging to the public in general are washed, lubricated and the oil changed at defendants' service station. The water, grease and oil spilled as a result of this operation are carried by pipes to a tank known by the name of oil separator where they are partially purified and then conducted through a pipe to the edge of the road where they are emptied in the curb. By the action of gravity these waters run in front of the service station of plaintiff herein carrying a great amount of oil and grease upon being emptied on the road, notwithstanding they have undergone the process of purification already referred to. This fact was established at an inspection upon observing the grease spots in the ditch or canal where the waters flow as well as on the grass and plants near the edge of the road. The amount of water with grease and oil emptied on the road varies from one day to another and even during the same hours of the day, depending on the movement of defendants' business. The flow of water is continuous or almost continuous so that the boundary of plaintiff's business is always wet, and owing to the action of the water and of the incoming and outgoing of the cars of plaintiff's customers some holes have been formed in front of his business which have become puddles of water with oil and grease issuing from defendant's property. Owing to the topography of the land, the rain water issuing from the highest part of the road flows in front of plaintiff's business, forming a more or less strong current depending on the rainfall. As a result of the puddles formed by the water in front of plaintiff's business, some old customers have withdrawn their patronage, particularly those who take their cars to be washed, alleging that they get soiled with the grease and oil floating in the surface of the water at the entrance of the

business. It is also possible that cars traveling in the direction of Guaynabo toward highway No. 2 may at times swerve too near the right, and upon running over the stagnant water there splash and smudge the cars and those persons who at the time may be at defendant's business. This situation of facts could be remedied, as alleged by plaintiff Rafael Fuentes, by installing a pipe covered with cement to collect the waters running in front of his business so that the entrance may not be obstructed."

In its conclusions of law the trial court makes express reference to § 277 of the Code of Civil Procedure of Puerto Rico—32 L.P.R.A. § 2761 (p. 335)—which provides: "Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

Rationalizing the application of § 277 to the facts established by the evidence, the trial court further says: "The continuous presence of water and grease in front of plaintiff's business interferes and obstructs the free enjoyment of his property and causes irreparable damages. Irreparable damages are those continuing and repeated damages which injure and annoy and in which the injury caused may be estimated only by conjectures, or in connection with which there is no recognized and specific way by which damages may be determined. In this case the evidence has shown that the presence of the water referred to above discourages public patronage of plaintiff's business. In the oral argument defendant raised the defense of laches. Such a defense is not justified in an action for abating a nuisance continuing and gradual in character."

Regarding the adjudication of the corresponding right, the trial court determined that: "Since the nuisance is one by accident (let it be understood *per accidens*), the defendant may abate the same by adopting the measures necessary in order that the water may not soften and consequently obstruct the entrance of plaintiff's business. Therefore, an underground pipe of proper size should be installed to collect and carry the water away from plaintiff's business, and it shall be covered by a cement layer to facilitate access to plaintiff's business. The defendant and plaintiff shall decide as to the days and hours for performing this work so that the least prejudice may be caused to plaintiff while the work is being performed. Such works shall commence at the boundary line between the house identified as Cuevas' property and the drugstore adjacent to plaintiff's business, and extend as far as the ditch past the business established therein by the Cooperativa de Cafeteros."

In this petition for review Gulf Petroleum, *S.A.* and José A. García allege the following errors: (1) the findings of fact made by the trial judge are at variance with the evidence and omit essential facts which would have altered the decision; (2) the remedy of injunction does not lie because (a) plaintiff-appellee has a proper remedy at law, (b) the alleged irreparable damages are self-inflicted, and (c) appellee has failed to seek relief with "clean hands"; (3) even if the remedy of injunction should lie, the injunction granted is contrary to law because it compels plaintiffs to commit violations of the property rights of two citizens who took no part in the action, who were not joined as parties, and who were not summoned.

1. We have examined the evidence which the trial court had under consideration, and the fact sufficient to give rise to the petition for special injunction to abate a nuisance is clearly established. Independently of any other circumstances, what is always necessary to look for in a case of

a nuisance *per accidens*—nuisance incidental to a particular improper use—is the cause giving rise to the same and the person's participation in the cause which originates it. According to our holding in *Arcelay* v. *Sánchez*, 77 P.R.R. 782, 796 (Sifre) (1955), the right to abate a nuisance—perhaps we could employ in a metaphorical sense, although with a certain legal connotation, the term "to abate" as something meaning "to reduce" or "to abolish" some fact or custom injurious to the social welfare—rests "on the continuing and gradual character of the cause which originates it, which renews continually the wrongful act."

■■ Regarding certain omissions in the weighing of the evidence pointed out in the first error, relative to the imposition or mitigation of damages, since the trial court did not pass upon the question of recovery, we do not believe that it forms part of the issue. We wish to make clear, however, that the servitude created by the natural course of the waters does not constitute a nuisance per se. However, if the waters have been brought to the surface by artificial works or are the overflow from irrigating ditches, or issue from industrial establishments which contain or carry in solution noxious substances—in the case under consideration, oil and grease to lubricate cars, §§ 69–74 of the Law of Waters of 1903, 12 L.P.R.A. §§ 701–06 (pp. 236–38)—such waters constitute a nuisance which may be abated by the injunction provided by § 277 of the Code of Civil Procedure, *Martínez* v. *P.R. Coconut Industries*, 68 P.R.R. 226, 231 (Travieso) (1948).

2(a). The second error, first contention, presents rather than a violation of the legislative norm a refined question within the theory of the Law. Discussions have been had as to whether it would be proper to consider the recovery of the damage in the quasi criminal sphere of negligence as the best remedy for abating a nuisance, since the exigencies of both vital interests of the issue would prevail in such

case. Historical experience, basis of every codified Law, in search for a more rational balance between the public and the private welfare, has favored the coexistence between the abatement or abolition of the nuisance in the future and the recovery of the damage produced in the past. According to our holding in *Casiano Sales* v. *Lozada Torres, ante,* pp. 473, 483 (Belaval) (1964): "In applying § 277 of our Code of Civil Procedure, two purposes must be accomplished: (1) abate the nuisance to such an extent as to be compatible with the enjoyment of the property, and (2) compensate the damages caused up to the time of the trial. The existence of a nuisance bears relation of cause and effect on the damage suffered." 2(b). As to whether or not the alleged irreparable damages are the product of plaintiff's own inaction, since there is no question of damages before us, we feel relieved from considering the question.

■■ 2(c). The defense of "clean hands" as well as that of laches must yield to our own statutory concepts of what as meant by "fair right" and "prescription of actions." The fact that for some time a certain situation of fact was tolerated does not defeat the right of the sufferer to abate a nuisance at any moment where such right has been legislatively consecrated; much less should we presume bad faith because of the mere lapse of time. In *Arcelay* v. *Sánchez, supra,* we refused to apply the doctrine of laches because the purpose of the action was "to abate a nuisance continuing and gradual in character" (at 794). Moreover, it is questionable whether the defense of laches has any efficacy in view of the exhaustive system of prescription of actions contained in the Puerto Rican legislation.

■ 3. Although it is questionable whether a judge has power to issue a mandatory injunction which may affect the property of a person who has not been a party, the

error, if committed, does not limit the exercise by defendants of the natural juridical right of every human being to seek out of court, with everyone who may have an interest in the matter, another satisfactory solution, or to petition the court for proper modification of the writ, if deemed advisable, in the meantime leaving in effect the mandatory provision of the injunction. As general principles of law to be resorted to in the absence of statutes applicable to the point—§ 7 of the Civil Code of Puerto Rico (1930)— see 4 Am.Jur.2d 855–56, § 387, and 7 Moore, Federal Practice, Rule 62(c), pp. 1364–68 (1955).

The judgment rendered by the Superior Court of Puerto Rico, San Juan Part, on July 2, 1963, will be affirmed subject to petition by defendants for modification of the writ, if deemed advisable, as to the place for installing the pipe to collect the polluted waters.